Mr. Paul D. Selby, Chairman Ashley County Election Commissioner 100 No. Cherry, P.O. Box 111 Hamburg, Arkansas 71646
Dear Mr. Selby:
This is in response to your request for an opinion on several questions concerning the candidacy of a certain independent candidate for alderman in the City of Hamburg who is also an unopposed Democratic nominee for justice of the peace in Ashley County. Your questions can be generally summarized as follows:
 1) Can one who has been duly elected as justice of the peace on the Ashley County Quorum Court legally file and run for election (or re-election) as an alderman to the Hamburg City Council, and, if not, does the election commissioner have a duty to omit the candidate's name from the ballot?
 2) If elected, can such a person actually serve in both positions simultaneously?
 3) If the above questions are not resolved before the ballot must go to the printer, should the candidate's name be placed on the ballot?
In response to your first question, I have enclosed a copy of Op. Att'y Gen. 94-256, recently issued by this office, which concludes, in an analogous situation, that there is no prohibition against the situation you describe. In light of this conclusion, an answer to the second part of your first question is unnecessary. See also in this regard, State v.Craighead County Board of Election Commissioners, 300 Ark. 405,779 S.W.2d 169 (1989) (holding board of election commissioners without authority to remove candidate's name from ballot where eligibility is in question; declaratory judgment and mandamus was proper remedy). See also Ivy v. Republican Party ofArkansas (Arkansas Supreme Court No. 94-1006, September 23, 1994).
Your second question, in my opinion, is answered by Op. Att'y Gen. 88-083, a copy of which is enclosed, in which this office previously addressed the question of whether a justice of the peace or county quorum court member can also be appointed or elected mayor of a city within the same county. The relevant part of that opinion, with which I concur, reached the conclusion that there are no constitutional, statutory, or incompatibility conflicts which would prohibit an individual from simultaneously serving in both positions as long as certain due process concerns are addressed. See also Ops. Att'y Gen. 93-276 and 93-279. This analysis applies equally to one serving as justice of the peace and city council alderman. In response to your third question, therefore, the candidate's name should, in my opinion, appear on the ballot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLJ/cyh.
Enclosures